**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANDREW L.,

                Plaintiff,

       v.                                  6:17-CV-1107
                                            (DJS)

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

**APPEARANCES:**                                   **OF COUNSEL:**

OLINSKY LAW GROUP                    HOWARD D. OLINSKY, ESQ.
Counsel for Plaintiff
300 South State Street, Suite 420
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION    HEETANO SHAMSOONDAR, ESQ.
Office of Regional General Counsel          Special Assistant U.S. Attorney
Counsel for Defendant
26 Federal Plaza - Room 3904
New York, New York 10278

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

       Currently before the Court, in this Social Security action filed by Andrew L. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 6 & General Order 18.

Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 12 & 13. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is **granted** and Defendant's Motion for Judgment on the Pleadings is **denied**. The Commissioner's decision denying Plaintiff's disability benefits is **reversed and remanded** for further proceedings under sentence four of 42 U.S.C. § 405(g).

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1978, making him 34 years old at the alleged onset date. Dkt. No. 8, Admin. Tr. ("Tr."), p. 210. Plaintiff reported completing high school. Tr. at p. 236. Plaintiff has past work mostly in appliance repair, the food service industry, and as a warehouse worker. Tr. at p. 236. Generally, Plaintiff alleges disability due to a herniated disc, chronic back pain, carpal tunnel syndrom, major depressive disorder, and pancreatitis. Tr. at p. 235.

### B. Procedural History

Plaintiff applied for Disability Insurance Benefits on October 16, 2014, Tr. at pp. 209-213, and Supplemental Security Income on February 3, 2015. Tr. at p. 214. Plaintiff's applications were initially denied on December 5, 2014, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 101-107. Plaintiff appeared at hearings before ALJ John Ramos on August 23, 2016 and December 1, 2016. Tr. at pp.

55-82 & 83-100. On January 25, 2017, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 12-26. On August 4, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at p. 1.

### C. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 7, 2013, the alleged onset date. Tr. at p. 14. Second, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the thoracic and lumbar spine, depressive disorder, dysthymia, unspecified schizophrenia spectrum or other psychotic disorder, and substance abuse disorder. *Id.* Third, the ALJ also found that Plaintiff has the non-severe impairments of carpal tunnel syndrome and pancreatitis. Tr. at p. 16. Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 16-17. Specifically, the ALJ considered Listings 1.04 and 12.00. *Id.* Fifth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work except that:

> he should not climb ladders or scaffolds and is able to occasionally climb stairs and ramps, work at unprotected heights, balance, stoop, kneel, crouch, and crawl as those terms are defined in the Dictionary of Occupational Titles. The claimant is able to occasionally work with moving mechanical parts, operate a motor vehicle,

>operate foot controls, and be exposed to humidity and wetness, respiratory irritants, extremes of temperature, and vibrations. The claimant retains the ability to understand and follow simple instructions and directions, perform simple tasks with supervision and independently, and maintain attention and concentration for simple tasks. He can regularly attend to a routine, maintain a schedule, relate to and interact with others to the extent necessary to carry out simple tasks, handle reasonable levels of simple work related stress in that he can make decision[s] directly related to the performance of simple work and handle usual work place changes and interactions associated with simple work.

Tr. at p. 18. Sixth, the ALJ found that Plaintiff had past relevant work as a store laborer and in the field of appliance repair, but is unable to perform that past work. Tr. at p. 19. Seventh, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. at pp. 24-25. The ALJ therefore concluded that Plaintiff is not disabled. Tr. at p. 25.

### D. The Parties' Briefing on Their Cross-Motions

Plaintiff raises a single issue for consideration by the Court - that the ALJ committed error when he failed to give controlling or significant weight to one of Plaintiff's treating physicians. *See generally* Dkt. No. 12, Pl.'s Mem. of Law. More specifically, Plaintiff alleges that the ALJ erred in concluding that the medical record was not consistent with the opinion of the physician, Dr. Rubinovich. He also alleges that the ALJ failed to provide sufficient reasons for not affording Dr. Rubinovich's opinion greater weight. *Id.* at pp. 7-13.

In response, Defendant takes the position that the ALJ's RFC determination properly

considered the opinion of Doctor Rubinovich and adequately explained the reasons for affording it little weight. Dkt. No. 13, Def.'s Mem. of Law at pp. 5-9.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial

evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on

medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff's sole argument here is that the ALJ erred in his consideration of Dr. Rubinovich's opinion, particularly, that he failed to afford it proper weight. *See* Pl.'s Mem. of Law at pp. 7-13. The ALJ afforded the opinion of Dr. Rubinovich little weight. Tr. at p. 22. In objecting to that conclusion, Plaintiff makes two arguments. First, he contends that, contrary to what the ALJ found, Dr. Rubinovich's opinion was supported by other medical evidence in the record. Pl.'s Mem. of Law at p. 9. Second, he contends that, the "ALJ failed to provide 'good reasons' for affording Dr. Rubinovich little weight." *Id.* at p. 10.

Plaintiff maintains that Dr. Rubinovich was a treating physician whose opinion was

entitled to controlling weight. It is not clear to the Court, however, that Dr. Rubinovich was a treating physician for purposes of determining how much weight to afford his opinion or whether the ALJ viewed him as one. Dr. Rubinovich's written opinion predates the September 2013 alleged onset date for Plaintiff's disability. Tr. at p. 22. Some courts have held that the treating physician rule "does not technically apply when the physician was not the treating physician at all during the relevant time period." *Rogers v. Astrue*, 895 F. Supp. 2d 541, 549 (S.D.N.Y. 2012). The administrative record is unclear as to whether Dr. Rubinovich treated Plaintiff within the alleged disability period. *Compare, e.g.,* Tr. at p. 248 *with* Tr. at pp. 655-56 (conflicting evidence regarding when Plaintiff treated with Dr. Rubinovich). Following a request for further briefing on the issue, the parties disagree as to whether Dr. Rubinovich qualifies as a treating physician. *See* Dkt. Nos. 15 & 16.

Having reviewed the record and the applicable law, the Court concludes that it need not resolve that issue because, in the Court's view, the ALJ's decision failed to properly evaluate Dr. Rubinovich's opinion, regardless of his status, and that failure warrants remand.

Under the treating physician rule "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given controlling weight so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (internal quotations and alterations omitted). However, there are situations where the treating physician's opinion is not entitled to controlling weight, in

which case the ALJ must "explicitly consider, *inter alia*: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Greek v. Colvin*, 802 F.3d at 375 (internal quotation marks omitted) (quoting *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013)). Here, if the ALJ considered Dr. Rubinovich a treating physician, he did not afford it controlling weight and so was obligated to consider the factors outlined by the Second Circuit in *Greek*. If he did not view Rubinovich as a treating physician, the ALJ was required to do essentially the same analysis because "[t]he factors for considering opinions from non-treating medical sources are the same as those for assessing treating sources, with the consideration of whether the source examined the claimant or not replacing the consideration of the treatment relationship between the source and the claimant." *Brown v. Comm'r of Soc. Sec.*, 2017 WL 2312914, at *7 (N.D.N.Y. May 26, 2017); *see also Vargas v. Comm'r of Soc. Sec.*, 2017 WL 2838165, at *6 (N.D.N.Y. June 29, 2017); *Duval v. Colvin*, 2014 WL 4637092, at *9 (N.D.N.Y. Sept. 16, 2014).

First, the ALJ was required to consider the nature of the relationship between Plaintiff and Dr. Rubinovich, which might include discussing the frequency, length, nature, and extent of treatment. *Greek v. Colvin*, 802 F.3d at 375; *Brown v. Comm'r of Soc. Sec.*, 2017 WL 2312914, at *7. After identifying what Dr. Rubinovich believed to be Plaintiff's limitations, the ALJ explained his basis for affording the opinion little weight. He stated:

> First, this opinion was issued well before the alleged disability onset date and is of little evidentiary value in determining the claimant's residual functional capacity since September 2013. Moreover, the MRI of the claimant's thoracic and lumbar spine do not show abnormalities so severe as to cause these restrictions. The clinical findings during examinations show that the claimant's gait is normal and he is able to do straight leg raises beyond 60 degrees bilaterally. The findings during the consultative examination also do not support Dr. Rubinovich's opinion. These forms lack sufficient narrative explanation and do not refer to clinical findings or diagnostic findings to support the limitations reflected in the form. Other providers have indicated that the claimant does not have a significant disability.

Tr. at p. 22 (internal citations omitted). This analysis contains no reference to the frequency, length, nature, and extent of treatment by Dr. Rubinovich that formed the basis of the opinion. The ALJ was also required to consider the amount of medical evidence supporting the opinion and the consistency of the opinion with the remaining medical evidence. *Greek v. Colvin*, 802 F.3d at 375; *Brown v. Comm'r of Soc. Sec.*, 2017 WL 2312914, at *7. The ALJ's analysis of these factors raises questions that further support remanding the matter. The ALJ found that Rubinovich's form opinion did not refer to clinical or diagnostic findings. Tr. at p. 22. Dr. Rubinovich's report, however, does reference an MRI finding disc protrusions in Plaintiff's lumbar region and specifically lists a diagnosis of lumbago, Tr. at p. 311, and so the ALJ's opinion appears to be wrong as a factual matter. Moreover, "if the clinical findings were inadequate, it was the ALJ's duty to seek additional information." *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998); *see also Fagone v. Astrue*, 2013 WL 654413, at *6 (E.D.N.Y. Feb. 21, 2013) (to the extent that medical opinion "failed to reference materials that the ALJ would have 'expected' to see the ALJ should have followed

up with [the doctor] on these matters, not simply tossed h[is] opinion aside.").

Finally, the law is clear that "[t]he ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion." *Greek v. Colvin*, 802 F.3d at 375. Here, the ALJ specifically found that "the MRI of the claimant's thoracic and lumbar spine do not show abnormalities so severe as to cause these restrictions." Tr. at p. 22. The ALJ, however, did so "without offering explanation or pointing to other medical evidence" and thus appears to have improperly substituted his views for those of a medical source. *Wojcik v. Comm'r of Soc. Sec.*, 2019 WL 101248, at *5 (W.D.N.Y. Jan. 4, 2019).

For the reasons set forth above, the matter is remanded for further proceedings, including a specific consideration of Dr. Rubinovich's opinion. The Court offers no view as to whether Dr. Rubinovich is a treating physician under the applicable regulations or what weight should ultimately be accorded to his opinion. I conclude only that remand is required because the ALJ failed to properly consider Dr. Rubinovich's opinion and explain his conclusions regarding it. It is ultimately the ALJ's obligation to weigh the evidence and resolve conflicts in it, but in doing so the ALJ must provide "a more comprehensive explanation than the one given here." *Marrese v. Colvin*, 2016 WL 5081481, at *3 (W.D.N.Y. Sept. 16, 2016).[2]

---

[2] Numerous courts have found, as did the ALJ here, that "[m]edical opinions that predate the alleged onset of disability are of limited relevance." *Marquez v. Berryhill*, 2018 WL 1626264, at *9 (D. Vt. Apr. 2, 2018) (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008)); *see also Kentile v. Colvin*, 2014 WL 3534905, at *14 n. 10 (N.D.N.Y. July 17, 2014) ("the ALJ is not compelled to consider or assign weight to treatment (continued...)

The ALJ found it significant that Dr. Rubinovich's opinion predated the alleged disability onset date. Tr. at p. 22.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED**, that the Commissioner's decision denying disability benefits is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with the above; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon the parties to this action.

Dated: March 7, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2](...continued)
that predates plaintiff's application for disability benefits"). Plaintiff is correct, however, in noting that other courts have found that reports predating the onset date may still be relevant. *See Binder v. Comm'r of Soc. Sec.*, 2016 WL 4079533, at *4 (N.D.N.Y. July 29, 2016). On remand, the extent to which the ALJ finds this opinion relevant and the reasons for doing so should be clearly explained.